Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LY BERDITCHEV CORP.,<br><br>Plaintiff,<br><br>v.<br><br>UCARI, LLC; UCARI, INC. and MICHELLE O'BRIEN,<br><br>Defendants. | Civil Action No. 2:25-cv-1958<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND**<br><br>***Electronically Filed*** |

Plaintiff LY Berditchev Corporation ("Plaintiff"), by and through its counsel, for its Complaint against Ucari, LLC and Ucari, Inc. (collectively "Ucari"), and Michelle O'Brien ("O'Brien") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Defendants are engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2. In furtherance of the scheme, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms, including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

3. Defendants' nefarious actions cause consumers to pay more for common goods, undermine Amazon's competitive pricing policies, and intentionally caused harm to Plaintiff.

4. This action seeks redress for these tortious, defamatory, and anticompetitive activities.

## PARTIES

5. Plaintiff is a corporation organized and existing under the laws of the State of New York, with an address at 95 High St., Passaic, NJ 07055.

6. On information and belief, Defendant Ucari LLC is a Florida company and maintains a principal place of business at 8405 Benjamin Road Suite J, Tampa, Florida 33634-1235.

7. On information and belief, Defendant Ucari LLC is the owner of the UCARI trademark at issue in this matter.

8. On information and belief, Defendant Ucari, Inc. is a Delaware company and maintains a principal place of business at 8405 Benjamin Road Suite J, Tampa, Florida 33634-1235.

9. On information and belief, Defendant Ucari, Inc. owns and operates the UCARI Amazon storefront (ID: A11OBCVVTJSB7F).

10. On information and belief, Defendant O'Brien is an individual that operates an e-commerce consultancy business and can be served at 2400 Barranca Pkwy, Irvine, California 92606.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

12. Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

13. On information and belief, Defendant Ucari does business in the State of New Jersey, sells large quantities of various products, including diagnostic test kits, to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

14. Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District, and this action arises from those activities.

15. Specifically, at all relevant times, Defendants were aware the Plaintiff resides in New Jersey and that their illegal acts would cause harm to Plaintiff in New Jersey. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's address in New Jersey:

**Detailed Seller Information**

**Business Name:** LY BERDITCHEV CORP
**Business Address:**
95 High St.
Passaic
NJ
07055
US

16. Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

17. On information and belief, Defendant Ucari is in the business of manufacturing and distributing diagnostic test kits, including products sold under the Ucari's marks ("Ucari Products").

18. On information and belief, Defendant Ucari is the owner of U.S. Trademark Registration No. 6336694 for UCARI ("the Ucari Registration").

19. On information and belief, Defendant O'Brien has a business relationship with Ucari such that she provides consultancy services to Ucari.

20. Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

21. Plaintiff resells products through an Amazon storefront.

22. Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

23. Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

24. Upon information and belief, Amazon is the world's largest online retailer.

25. According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

26. Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

27. The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

28. Since approximately 2016, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

29. Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

30. A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

31. Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

32. In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

33. Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

34. Plaintiff's Amazon storefront has amassed thousands of reviews and holds a near perfect customer rating.

35. A small sample of Plaintiff's recent reviews are shown below:




36. Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

**DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS**

37. On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Ucari Products, through unlawful means.

38. As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Ucari Products on online marketplaces by false allegations of intellectual property infringement and defamation.

39. On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Ucari Products on Amazon.

40. On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

41. Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

42. Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Ucari Products without violating the intellectual property rights or other legal rights of Defendants.

43. The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

44. It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

45. As one Amazon expert explained:

> In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.
>
> ***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.
>
> They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

46. On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

47. On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

48. Defendants filed complaints with Amazon that alleged that Plaintiff was selling Ucari Products that infringed the Ucari Registration.

49. Defendants knew, or should have known, that such allegations were false.

50. Each complaint submitted to Amazon was signed under penalty of perjury by Defendant O'Brien.

51. For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

52. Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

53. On or about December 30, 2024, Plaintiff received a notice from Amazon stating:

amazon

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark. The rights owner communication about the alleged infringement and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

How do I reactivate my listing?
Provide the following to reactivate your listings:
A. A letter of authorization or a licensing agreement from the rights owner demonstrating that you possess the right to use the content claimed. The documentation submitted must meet the following criteria.
-- The document includes the name and address of the rights owner.
-- The document includes your name and address, matching the information in your selling account.
-- The document explicitly authorizes you to use the rights owner's intellectual property with your own brand name.
B. An invoice to show that your products are original and are purchased from the rights owners directly or from an authorized distributor and are not infringing the trademark claimed by the rights owner. The documentation submitted must meet the following criteria.
-- Dated before the date of your notice.
-- Includes your name and address, matching the information in your selling account.
-- Includes the name and address of the manufacturer, distributor, or retailer.
-- Order quantity is sufficient to fulfill the units sold since the invoice date.
C. A retraction from the rights owner to be sent to Amazon directly. You can find the contact information of the rights owner in the listing deactivation communication you have received.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section in Account Health:
https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa
Locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

These are the rights owner's contact details:
-- Michelle
-- michelle@ecombusinessconsultants.com

For any other reason, explain to us why you were warned in error so that we can investigate the case.

What happens if I do not provide the requested information?

If we do not receive the required information, your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 60 days. Violating this policy may also result in the loss of selling privileges or other legal consequences.

Rights owner communication: We are the manufacturer and brand owner of these items. We do not resell our products and therefore LY Berditchev Co. is an illegal seller and is counterfeiting our products and test kits. They need to be removed from our listings immediately.
ASIN:B08RDBRW86
B08RDBSB1M
Complaint ID: 16928853231
Infringement type: Counterfeit

We're here to help.
Need information on invoices? Visit Seller University to learn more about our invoice process:
https://www.youtube.com/watch?v=ppSRP8jbQhI

View the Amazon Intellectual Property policy to ensure that your listings are within the policy:
https://sellercentral.amazon.com/gp/help/external/201361070

If you have questions about this policy, contact us:
https://sellercentral.amazon.com/cu/contact-us

You can view your account performance:
https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn
Alternatively, select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app:
https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

Amazon.com

54. The above report relates to Ucari Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

55. The Ucari Products identified in the above report were genuine.

56. The Ucari Products identified in the above report were distributed by Defendant Ucari.

57. On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Ucari Products sold by Plaintiff were not counterfeit and did not infringe the above cited Ucari Registration.

58. On information and belief, Defendants' allegation that the above Ucari Products were counterfeit was knowingly false and made in bad faith.

59. Amazon subsequently agreed that the above report was meritless and restored Plaintiff's ability to sell Ucari Products.

60. However, Defendants continued to submit false statements to Amazon.

61. On or about March 17, 2025, Plaintiff received a notice from Amazon stating:

amazon

Hello,

Based on your Account Health Rating, your account is at risk of imminent deactivation. We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark, which is a critical violation. Funds will not be transferred to you but will stay in your account while we work with you to address this issue.

For more information, please review the "Funds disbursement eligibility" policy:
https://sellercentral.amazon.com/gp/help/help.html?itemID=G9RA9LYBJ3QP27M6

These are the rights owner's contact details:
-- Michelle
-- michelle@ecombusinessconsultants.com

Why did I receive this message?
All sellers on Amazon are expected to follow Amazon Selling Policies and Seller Code of Conduct. We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help.
https://sellercentral.amazon.com/gp/help/external/201361070

What can I do to avoid account deactivation?

To avoid account deactivation, appeal or dispute the violation that led to your account being at risk within 3 days of this notification. To do so, follow the instructions in the banner at the top of your Account Health page in Seller Central:
https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa

We're here to help.
If you have questions, contact us:
https://sellercentral.amazon.com/cu/contact-us/performance

You can view your account performance:
https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn
Alternatively, select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app:
https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

ASIN: B08RDBRW86
Infringement type: Counterfeit
Trademark asserted: 6336694
Complaint ID: 17416818031

Amazon.com

62. The above report relates to Ucari Products, which are referenced by their Amazon Standard Identification Numbers ("ASIN").

63. The Ucari Products identified in the above report were genuine.

64. The Ucari Products identified in the above report were distributed by Defendant Ucari.

65. On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Ucari Products sold by Plaintiff were not counterfeit and did not infringe the above cited Ucari Registration.

66. Defendants' allegation that the above Ucari Products were counterfeit was knowingly false and made in bad faith.

67. Defendants know the source of the Ucari Products sold by Plaintiff and know that the products are genuine.

**HARM TO PLAINTIFF**

68. As a result of the above false rights complaints, Plaintiff's listings relating to Ucari Products were suspended, resulting in an immediate loss of revenue.

69. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

70. On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

71. On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

72. At no time has Plaintiff ever sold Ucari Products that infringed any of Defendants' intellectual property or other legal rights.

73. The Ucari Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

74. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

75. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing, and eliminate fair competition.

76. As a result of Defendants' false complaints, Plaintiff's performance metrics were irreparably damaged.

77. It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

78. Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

79. Defendants' false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

**COUNT I - DECLARATORY JUDGMENT**
(No Trademark Infringement)

80. Plaintiff realleges and incorporates all previous paragraphs.

81. Defendants manufacture and distribute Ucari Products and place such products into the stream of commerce.

82. Plaintiff stocks, displays, and resells new, genuine Ucari Products, each bearing a true mark.

83. Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit Ucari Products that infringed, *inter alia*, the Ucari Registration.

84. The Ucari Products sold by Plaintiff were not counterfeit.

85. On information and belief, prior to the time that Defendants submitted their complaints to Amazon, Defendants purchased and examined the Ucari Product offered for sale by Plaintiff.

86. Defendants' complaints caused the suspension of Plaintiff's selling privileges as they relate to Ucari Products.

87. As a result of the suspension of Plaintiff's selling privileges, Plaintiff was unable to sell inventory of Ucari Products on the Amazon.com platform.

88. Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

89. Under these facts, an actual controversy exists between Plaintiff and Defendants.

90. Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

**COUNT II – DEFAMATION**

91. Plaintiff realleges and incorporates all previous paragraphs.

92. Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Ucari Products infringed the Ucari Registration.

93. Plaintiff did not infringe the Ucari Registration.

94. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Ucari Products.

95. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

96. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

97. Defendants' false statements are not protected by any privilege.

98. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

99. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

100. Here, Defendants published statements that Plaintiff was engaged in trademark counterfeiting.

101. Defendants' false statements constitute defamation *per se*.

102. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Ucari Products and damage to its relationship with Amazon and its customers.

103. Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Ucari Products have been suspended and Plaintiff has lost sales of Ucari Products and many other products.

104. Plaintiff is entitled to damages, costs, and fees as allowed by law.

105. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

106. Plaintiff realleges and incorporates all previous paragraphs.

107. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

108. Plaintiff is also in a contractual relationship with Amazon. Specifically, Plaintiff has entered into the Amazon Services Business Solutions Agreement ("BSA") with Amazon.

109. The BSA, including Paragraph S-1.2: (1) allows Plaintiff to list products for sale on the Amazon marketplace and promote the products; and (2) requires that Amazon process orders and remit payment to Plaintiff for sales.

110. At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon.

111. At all relevant times, Defendants were aware of the terms and conditions of Amazon's BSA and related policies, as well as the advantageous business relationship that comes with being an Amazon seller.

112. Defendants intentionally and improperly interfered with Plaintiff's advantageous relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

113. Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Ucari Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

114. Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Ucari Products on Amazon.

115. Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

116. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Ucari Products to be suspended.

117. Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused the suspension of Plaintiff's selling privileges.

118. The intentions of Defendants are demonstrated by the fact that Defendants did not perform any test purchases prior to alleging that the products sold by Plaintiff were inauthentic.

119. The intentions of Defendants are demonstrated by the fact that Defendants have never offered any coherent explanation for their reports of trademark infringement.

120. Defendants' accusations were false and were made maliciously and with ill will.

121. Plaintiff has been damaged by suspension of these listings by losing revenue related to Ucari Products.

122. Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

123. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Ucari Registration;

B. Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C. Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D. An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

E. An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

F. An award of all costs and fees incurred in this Action; and

G. Such other and further relief as the Court shall find just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: March 18, 2025

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: */s Mark Berkowitz*

Mark Berkowitz (Bar No. 232472017)
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Plaintiff***

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: March 18, 2025

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *<u>/s Mark Berkowitz</u>*

Mark Berkowitz (Bar No. 232472017)
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Plaintiff***

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above-captioned matter is not subject to compulsory arbitration.

Dated: March 18, 2025

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: */s Mark Berkowitz*

Mark Berkowitz (Bar No. 232472017)
1350 Broadway
New York, NY 10018
Tel.: (212) 216-8000
Fax: (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Plaintiff***